██ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HASHIM BUCKMAN, Appellant. ██ Memorandum: The People's use of the prior testimony of defendant's accomplice for impeachment purposes did not

violate the hearsay rule or defendant's confrontation rights. The hearsay rule bars the admission of an out-of-court statement offered for the truth of the facts asserted therein. Here, the prior inconsistent testimony of Harris was not admitted for the truth of the statement inculpating defendant, but rather to impeach the credibility of Harris and his out-of-court statements exculpating defendant and the court gave proper limiting instructions to that effect. The fact that the People were attempting to impeach a hearsay declarant, as opposed to an in-court witness, does not bar use of the former testimony as a prior inconsistent statement (see, Fisch, New York Evidence § 904, at 528 [2d ed]; Richardson, Evidence §§ 355, 502 [Prince 10th ed]; McCormick, Evidence § 37, at 73-74 [Cleary 2d ed]).

We have reviewed the other issues raised, and find them to be without merit. (Appeal from judgment of Supreme Court, Monroe County, Boehm, J.—petit larceny.) Present—Callahan, J. P., Doerr, Denman, Boomer and Schnepp, JJ.